IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DOLBY VIDEO COMPRESSION, LLC,   )
   )
       Plaintiff,   )
   )
     v.   )   C.A. No. 26-317 (JLH)
   )
SNAP INC.,   )
   )
       Defendant.   )
SNAP INC.   )
   )
       Counterclaim-Plaintiff,   )
   )
     v.   )
   )
DOLBY VIDEO COMPRESSION, LLC,   )
DOLBY LABORATORIES, INC., AND   )
ACCESS ADVANCE LLC,   )
   )
       Counterclaim-Defendants   )

**DEFENDANT SNAP INC.'S ANSWER AND DEFENSES
TO THE COMPLAINT AND COUNTERCLAIMS**

Defendant Snap Inc. ("Snap"), by and through its undersigned counsel, hereby answers the

Original Complaint ("Complaint") (D.I. 1) of Dolby Video Compression LLC ("Dolby" or

"Plaintiff"), as follows. All allegations not expressly admitted are denied.

**NATURE OF THE ACTION[1]**

1.     Snap lacks sufficient knowledge or information to form a belief as to the truth of

the allegations in Paragraph 1 of the Complaint, and therefore denies them.

2.     Denied.

3.     Denied.

---

[1]     For ease of reference, Snap has reproduced the headings in the Complaint in this answer. To the extent that the headings in the Complaint contain factual or legal allegations, Snap denies such allegations.

**PARTIES**

4.      Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5.      Snap admits that it is a corporation organized under the laws of the State of Delaware.

6.      Snap admits that it has places of business at 2772 Donald Douglas Loop N, Santa Monica, CA 90405 and 3000 31st Street, Santa Monica, CA 90405. Snap denies the remaining allegations in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7.      Paragraph 7 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338, but denies that Snap has committed any acts of infringement. Snap denies any remaining allegations in Paragraph 7 of the Complaint.

8.      Paragraph 8 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap denies the allegations in Paragraph 8 of the Complaint, including any allegation that Dolby has complied with its reasonable and nondiscriminatory ("RAND")[2] commitments.

9.      Paragraph 9 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap does not contest that this Court has personal jurisdiction over Snap for purposes of this action only. Snap further admits that it appointed Corporate Service Company as its registered agent. Snap denies the remaining allegations of Paragraph 9 of the Complaint.

---

[2] Snap uses the term "RAND" throughout its Answer and Defenses interchangeably with the term "FRAND" for Fair, Reasonable, and Nondiscriminatory.

10.     Paragraph 10 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap does not contest that this Court has personal jurisdiction over Snap for purposes of this action only. Snap denies the remaining allegations of Paragraph 10 of the Complaint.

11.     Denied.

12.     Paragraph 12 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap admits that it conducts business in Delaware. Snap denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Denied.

14.     Denied.

15.     Paragraph 15 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap does not contest that venue is proper in this judicial district based on Snap's incorporation in Delaware for purposes of this action only. Snap denies the remaining allegations of Paragraph 15 of the Complaint.

16.     Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 16 of the Complaint, and therefore denies them.

17.     Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 17 of the Complaint, and therefore denies them.

## DOLBY'S [ALLEGED] TECHNOLOGY

18.     Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19.     Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20.    Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 20 of the Complaint, and therefore denies them.

## SNAP'S [ALLEGED] USE OF VIDEO CODING

21.    Denied.

22.    To the extent the allegations in Paragraph 22 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap admits that a user can post a Story to share a photo or video for viewing by other users of the Snapchat app. Snap denies the remaining allegations in Paragraph 22 of the Complaint.

23.    To the extent the allegations in Paragraph 23 of the Complaint purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 23 of the Complaint.

24.    To the extent the allegations in Paragraph 24 of the Complaint purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 24 of the Complaint, including any characterization or suggestion of its services as infringing any patents.

25.    To the extent the allegations in Paragraph 25 of the Complaint purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 25 of the Complaint, including any characterization or suggestion of its services as infringing any patents.

26.    Snap admits that it joined the Alliance for Open Media as a Promoter member. To the extent the allegations in Paragraph 26 of the Complaint purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies them.

29.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies them.

30.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31.     Snap denies that its services are infringing any patents. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, and therefore denies them.

32.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33.     Snap denies any allegation in Paragraph 33 of the Complaint characterizing or suggesting its services as infringing any patents. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint, and therefore denies them.

34.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35.     Denied.

36.     Denied.

### THE ITU'S COMMON PATENT POLICY

37.     Snap admits that the International Telecommunication Union (ITU) is a specialized agency of the United Nations responsible for coordinating certain global issues related to

information and communication technologies. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint, and therefore denies them.

38.     Snap admits that one of the ITU's sectors is known as ITU-T, which develops certain telecommunications standards. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and therefore denies them.

39.     Snap admits that part of the ITU-T's work has involved the development of video coding standards, including the AVC (H.264) and HEVC (H.265) video coding standards. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint, and therefore denies them.

40.     Snap admits that the ITU has a Common Patent Policy and Guidelines that require participants to disclose patents potentially essential to implementing ITU standards and to provide licensing declarations committing to RAND terms. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint, and therefore denies them.

41.     Snap admits that Paragraph 41 reproduces an excerpt of the ITU's Common Patent Policy included in Exhibit 10 to the Complaint. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint, and therefore denies them.

42.     Snap admits that Paragraph 42 quotes an excerpt of the ITU's Patent Policy Guidelines included in Exhibit 11 to the Complaint. Snap lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint, and therefore denies them.

43.     Snap admits that Dolby is required to grant licenses for implementations of the H.265 standard to any patent claims essential to the H.265 standard on RAND terms and conditions. Snap lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint, and therefore denies them.

## LICENSE OFFER TO SNAP

44.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and therefore denies them.

45.     Snap admits that Access Advance contacted Snap regarding licensing. Snap denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47.     Denied.

48.     Snap admits that Access Advance and Snap continued negotiating following Access Advance's initial outreach to Snap. Snap denies the remaining allegations in Paragraph 48 of the Complaint.

49.     Denied.

50.     Paragraph 50 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore denies them.

**DOLBY'S ASSERTED PATENTS**

51.     Paragraph 51 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies them.

52.     Snap admits that it is a licensee of the HEVC Advance pool. Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and therefore denies them.

**A.     U.S. Patent No. 10,855,990**

53.     Snap admits that the document attached as Exhibit 1 to the Complaint purports on its face to be a copy of U.S. Patent No. 10,855,990 (the "'990 Patent"). Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 53 of the Complaint, and therefore denies them.

54.     To the extent the allegations in Paragraph 54 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 54 of the Complaint.

55.     To the extent the allegations in Paragraph 55 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 55 of the Complaint, and therefore denies them.

56.     To the extent the allegations in Paragraph 56 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 56 of the Complaint, and therefore denies them.

57. To the extent the allegations in Paragraph 57 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 57 of the Complaint, and therefore denies them.

58. To the extent the allegations in Paragraph 58 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 58 of the Complaint, and therefore denies them.

59. To the extent the allegations in Paragraph 59 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 59 of the Complaint, and therefore denies them.

60. To the extent the allegations in Paragraph 60 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 60 of the Complaint, and therefore denies them.

61. To the extent the allegations in Paragraph 61 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 61 of the Complaint, and therefore denies them.

62. To the extent the allegations in Paragraph 62 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '990 Patent provides an "unconventional solution." Snap lacks sufficient knowledge or information to

form a belief as to the remaining allegations in Paragraph 62 of the Complaint, and therefore denies them.

63.     To the extent the allegations in Paragraph 63 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '990 Patent provides a "specific technological improvement to the functionality and capabilities of video encoding technology." Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 63 of the Complaint, and therefore denies them.

64.     Denied.

65.     Denied.

66.     Paragraph 66 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and therefore denies them.

**B.      U.S. Patent No. 9,924,193**

67.     Snap admits that the document attached as Exhibit 2 to the Complaint purports on its face to be a copy of U.S. Patent No. 9,924,193 (the "'193 Patent"). Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 67 of the Complaint, and therefore denies them.

68.     To the extent the allegations in Paragraph 68 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 68 of the Complaint.

69.     To the extent the allegations in Paragraph 69 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 69 of the Complaint, and therefore denies them.

10

70.     To the extent the allegations in Paragraph 70 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 70 of the Complaint, and therefore denies them.

71.     To the extent the allegations in Paragraph 71 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 71 of the Complaint, and therefore denies them.

72.     To the extent the allegations in Paragraph 72 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 72 of the Complaint, and therefore denies them.

73.     To the extent the allegations in Paragraph 73 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 73 of the Complaint, and therefore denies them.

74.     To the extent the allegations in Paragraph 74 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '193 Patent provides an "unconventional solution." Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 74 of the Complaint, and therefore denies them.

75.     To the extent the allegations in Paragraph 75 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '193

11

Patent provides a "specific technological improvement to the functionality and capabilities of video encoding technology." Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 75 of the Complaint, and therefore denies them.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Paragraph 79 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and therefore denies them.

**C.    U.S. Patent No. 9,596,469**

80.    Snap admits that the document attached as Exhibit 3 to the Complaint purports on its face to be a copy of U.S. Patent No. 9,596,469 (the "'469 Patent"). Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 80 of the Complaint, and therefore denies them.

81.    To the extent the allegations in Paragraph 81 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 81 of the Complaint.

82.    To the extent the allegations in Paragraph 82 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 82 of the Complaint, and therefore denies them.

83.    To the extent the allegations in Paragraph 83 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient

12

knowledge or information to form a belief as to the remaining allegations in Paragraph 83 of the Complaint, and therefore denies them.

84.     To the extent the allegations in Paragraph 84 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 84 of the Complaint, and therefore denies them.

85.     To the extent the allegations in Paragraph 85 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 85 of the Complaint, and therefore denies them.

86.     Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 86 of the Complaint, and therefore denies them.

87.     To the extent the allegations in Paragraph 87 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '469 Patent employs an "unconventional method of probability estimation." Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 87 of the Complaint, and therefore denies them.

88.     To the extent the allegations in Paragraph 88 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '469 Patent provides a "specific technological improvement to the functionality and capabilities of video encoding technology." Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 88 of the Complaint, and therefore denies them.

89.     Denied.

90. Denied.

91. Paragraph 91 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and therefore denies them.

**D.     U.S. Patent No. 10,404,272**

92. Snap admits that the document attached as Exhibit 4 to the Complaint purports on its face to be a copy of U.S. Patent No. 10,404,272 (the "'272 Patent"). Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 92 of the Complaint, and therefore denies them.

93. To the extent the allegations in Paragraph 93 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 93 of the Complaint.

94. To the extent the allegations in Paragraph 94 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 94 of the Complaint, and therefore denies them.

95. To the extent the allegations in Paragraph 95 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 95 of the Complaint, and therefore denies them.

96. Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 96 of the Complaint, and therefore denies them.

97. To the extent the allegations in Paragraph 97 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap lacks sufficient

knowledge or information to form a belief as to the remaining allegations in Paragraph 97 of the Complaint, and therefore denies them.

98.    Snap lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 98 of the Complaint, and therefore denies them.

99.    To the extent the allegations in Paragraph 99 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '272 Patent employs an "unconventional solution of partitioning." Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 99 of the Complaint, and therefore denies them.

100.    To the extent the allegations in Paragraph 100 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies that the '272 Patent provides a "specific technological improvement to the functionality and capabilities of video encoding technology." Snap lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 100 of the Complaint, and therefore denies them.

101.    Denied.

102.    Denied.

103.    Paragraph 103 sets forth legal conclusions to which no answer is required. To the extent a response is required, Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and therefore denies them.

**COUNT I: [ALLEGED] PATENT INFRINGEMENT OF THE '990 PATENT**

104.    Snap incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

105.    Denied.

15

106. Denied.

107. Denied.

108. To the extent the allegations in Paragraph 108 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 108 of the Complaint.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. To the extent the allegations in Paragraph 113 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 113 of the Complaint.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. To the extent the allegations in Paragraph 119 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 119 of the Complaint.

120. Denied.

121. Denied.

122. Denied.

123.    To the extent the allegations in Paragraph 123 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 123 of the Complaint.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    To the extent the allegations in Paragraph 130 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 130 of the Complaint.

131.    Denied.

132.    Denied.

133.    Denied.

134.    To the extent the allegations in Paragraph 134 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 134 of the Complaint.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.     To the extent the allegations in Paragraph 139 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 139 of the Complaint.

140.     Denied.

141.     Denied.

142.     To the extent the allegations in Paragraph 142 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 142 of the Complaint.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied.

147.     Denied.

148.     Denied.

149.     Denied.

**COUNT II: [ALLEGED] PATENT INFRINGEMENT OF THE '193 PATENT**

150.     Snap incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

151.     Denied.

152.     Denied.

153.     Denied.

154.     To the extent the allegations in Paragraph 154 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 154 of the Complaint.

18

155.	Denied.

156.	Denied.

157.	Denied.

158.	Denied.

159.	To the extent the allegations in Paragraph 159 purport to quote from the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 159 of the Complaint.

160.	Denied.

161.	Denied.

162.	Denied.

163.	Denied.

164.	Denied.

165.	To the extent the allegations in Paragraph 165 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 165 of the Complaint.

166.	Denied.

167.	Denied.

168.	Denied.

169.	Denied.

170.	To the extent the allegations in Paragraph 170 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 170 of the Complaint.

171.    To the extent the allegations in Paragraph 171 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 171 of the Complaint.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    To the extent the allegations in Paragraph 176 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 176 of the Complaint.

177.    Denied.

178.    Denied.

## COUNT III: [ALLEGED] PATENT INFRINGEMENT OF THE '469 PATENT

179.    Snap incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    To the extent the allegations in Paragraph 184 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 184 of the Complaint.

185.    Denied.

186.    Denied.

20

187. Denied.

188. To the extent the allegations in Paragraph 188 purport to quote from the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 188 of the Complaint.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. To the extent the allegations in Paragraph 195 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 195 of the Complaint.

196. To the extent the allegations in Paragraph 196 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 196 of the Complaint.

197. To the extent the allegations in Paragraph 197 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 197 of the Complaint.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202.    To the extent the allegations in Paragraph 202 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 202 of the Complaint.

203.    To the extent the allegations in Paragraph 203 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 203 of the Complaint.

204.    Denied.

205.    Denied.

206.    Denied.

207.    To the extent the allegations in Paragraph 207 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 207 of the Complaint.

208.    Denied.

209.    Denied.

210.    To the extent the allegations in Paragraph 210 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 210 of the Complaint.

211.    To the extent the allegations in Paragraph 211 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 211 of the Complaint.

212.    Denied.

213.    Denied.

214.    Denied.

215.    To the extent the allegations in Paragraph 215 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 215 of the Complaint.

216.    Denied.

217.    Denied.

218.    Denied.

219.    To the extent the allegations in Paragraph 219 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 219 of the Complaint.

220.    Denied.

**COUNT IV: [ALLEGED] PATENT INFRINGEMENT OF THE '272 PATENT**

221.    Snap incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

222.    Denied.

223.    Denied.

224.    Denied.

225.    To the extent the allegations in Paragraph 225 purport to quote from or characterize the contents of a written document, said document speaks for itself. Snap denies the remaining allegations in Paragraph 225 of the Complaint.

226.    Denied.

227.    Denied.

228.    Denied.

229.    To the extent the allegations in Paragraph 229 purport to quote from the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 229 of the Complaint.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    To the extent the allegations in Paragraph 237 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 237 of the Complaint.

238.    To the extent the allegations in Paragraph 238 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 238 of the Complaint.

239.    To the extent the allegations in Paragraph 239 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 239 of the Complaint.

240.    To the extent the allegations in Paragraph 240 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 240 of the Complaint.

241.    Denied.

24

242.   Denied.

243.   To the extent the allegations in Paragraph 243 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 243 of the Complaint.

244.   To the extent the allegations in Paragraph 244 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 244 of the Complaint.

245.   Denied.

246.   To the extent the allegations in Paragraph 246 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 246 of the Complaint.

247.   Denied.

248.   Denied.

249.   Denied.

250.   To the extent the allegations in Paragraph 250 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 250 of the Complaint.

251.   To the extent the allegations in Paragraph 251 of the Complaint purport to characterize the contents of a written document, said document speaks for itself. Snap denies any remaining allegations in Paragraph 251 of the Complaint.

## COUNT V: DECLARATORY JUDGMENT THAT DOLBY HAS COMPLIED WITH ITS RAND COMMITMENTS

252.   Snap incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

25

253.    Snap admits that it makes and uses products that use and comply with the H.265 video coding standard.  Snap denies the remaining allegations in Paragraph 253 of the Complaint.

254.    Snap lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 254 of the Complaint, and therefore denies them.

255.    Denied.

256.    Snap admits that it is a licensee to the HEVC Advance pool. Snap denies any remaining allegations in Paragraph 256 of the Complaint.

257.    Denied.

258.    Snap admits that it contends Dolby has not satisfied its RAND obligations. Snap denies the remaining allegations in Paragraph 258 of the Complaint, and specifically denies that Dolby has complied with its RAND commitments.

259.    Paragraph 259 is a statement of declaratory relief that Dolby is seeking, for which no response is required. To the extent a response is required, Snap denies that Dolby has negotiated in good faith toward a license with Snap for any alleged essential patent claims and further denies that Dolby has complied with its obligations under the ITU IPR Policy and Dolby's relevant Patent Statement and Licensing declarations.

### ATTORNEYS' FEES

260.    Denied.

### DEMAND FOR JURY TRIAL

261.    Paragraph 261 consists of a jury demand for which no response is required.

### RESPONSE TO PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint recites a prayer for relief for which no response is required. To the extent a response is required, Snap denies that Plaintiff is entitled to any remedy or relief, including but not limited to any finding of infringement, any finding of willfulness, any

26

award of damages (actual or enhanced), any injunctive relief, any declaration that Dolby has complied with its RAND obligations, or any award of attorneys' fees or costs.

## SNAP'S DEFENSES

Snap asserts the following defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Snap reserves the right to assert any additional defenses as they become known during the course of this action.

## FIRST DEFENSE: NONINFRINGEMENT

Snap has not (i) directly infringed, either literally or under the doctrine of equivalents, or (ii) indirectly infringed, by inducement or contributory infringement, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '990 Patent, the '193 Patent, the '469 Patent, or the '272 Patent (collectively, the "Asserted Patents"), and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

## SECOND DEFENSE: INVALIDITY

Plaintiff's claims for infringement of the Asserted Patents are barred because every asserted claim of the Asserted Patents is invalid for failing to comply with the requirements of Title 35 of the United States Code, including at least Sections 101, 102, 103, 112, and/or 116, or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting, or the Rules and Regulations of the United States Patent and Trademark Office relating thereto.

## THIRD DEFENSE: LIMITATION ON DAMAGES

Plaintiff's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages and other relief, including, but not limited to, 35 U.S.C. §§ 286, 287, and 288.

27

## FOURTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

Plaintiff is estopped based on any amendments, arguments, statements, representations, concessions, and/or admissions made during prosecution of the applications that led to Asserted Patents from asserting any interpretation of the claims of the Asserted Patents that would be broad enough to cover any of Snap's products or methods alleged to infringe the Asserted Patents.

## FIFTH DEFENSE: EQUITABLE DOCTRINES

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, legal estoppel, equitable estoppel, promissory estoppel, and/or implied license.

## SIXTH DEFENSE: FAILURE TO COMPLY WITH RAND OBLIGATIONS

Plaintiff's claims are barred, in whole or in part, for failure to comply with and corresponding breach of the undertakings and obligations to standard-setting organizations ("SSOs") related to the Asserted Patents. By way of example, Plaintiff's claims for injunctive relief and damages are barred, in whole or in part, for failure to comply with, and corresponding breach of obligations to license the Asserted Patents in the Complaint on, RAND terms and conditions.

## SEVENTH DEFENSE: IMPLIED WAIVER FOR FAILURE TO DISCLOSE TO STANDARD-SETTING ORGANIZATIONS

Plaintiff's claims are barred, in whole or in part, for failure to timely disclose the Asserted Patents, including parent patents and patent applications, to SSOs related to the HEVC and AV1 video coding standards during the development of those standards. Plaintiff and prior assignees of the Asserted Patents had an express or implied duty to disclose to an SSO the Asserted Patents or related patents and patent applications. Plaintiff and prior assignees of the Asserted Patents breached that duty by failing to timely disclose the Asserted Patents, including parent patents and patent applications, to SSOs of which Plaintiff or prior assignees were a member or were aware. That breach renders the Asserted Patents unenforceable under the doctrine of implied waiver.

## EIGHTH DEFENSE: LICENSE AND EXHAUSTION

Plaintiff's claims are exhausted to the extent that Snap, or any of its affiliates, subsidiaries, suppliers, providers, customers, or manufacturers of third-party devices on which Snap's accused products and services are used, have received a license to the Asserted Patents. By way of example, Snap's accused Snapchat application runs on third-party user devices. To the extent those devices are licensed to any Asserted Patent, Plaintiff's claims are exhausted with respect to that Asserted Patent for acts of alleged infringement with respect to such licensed devices. By way of further example, to the extent that Snap's accused video coding activities are performed by third parties that have a license to any Asserted Patent, Plaintiff's claims are exhausted with respect to that Asserted Patent for acts of alleged infringement committed by that third party.

## NINTH DEFENSE: NO WILLFUL INFRINGEMENT OR ENHANCEMENT

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement or enhancement of damages.

## TENTH DEFENSE: NO EXCEPTIONAL CASE

Plaintiff's Complaint fails to state a claim for relief against Snap that would qualify as an exceptional case under 35 U.S.C. § 285.

## ELEVENTH DEFENSE: NO INJUNCTIVE RELIEF

Plaintiff is not entitled to any injunctive relief for alleged infringement of the Asserted Patents because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Plaintiff has an adequate remedy at law.

29

## TWELFTH DEFENSE: ENSNAREMENT

Plaintiff's claims are barred, in whole or in part, by the ensnarement doctrine. To the extent that Plaintiff seeks to extend the scope of the Asserted Patents to cover subject matter that was known or would have been obvious to a person of ordinary skill in the art at the time of the alleged invention(s), application of the doctrine of equivalents to the Accused Services would impermissibly ensnare the prior art.

## RESERVATION OF RIGHTS

Snap reserves the right to assert any additional defenses that may be determined during the course of discovery.

## JURY DEMAND

Snap demands a jury trial of all issues so triable under Federal Rule of Civil Procedure 38(b).

## COUNTERCLAIMS

Counterclaimant Snap Inc. ("Snap"), by and through its undersigned counsel, hereby asserts the following counterclaims against Counterclaim-Defendants Dolby Video Compression LLC and Dolby Laboratories, Inc. (collectively, "Dolby") and Access Advance LLC ("Access Advance"), as follows.

## PARTIES

1.      Snap is a corporation organized under the laws of the State of Delaware, with places of business at 2772 Donald Douglas Loop N, Santa Monica, CA 90405, and 3000 31st Street, Santa Monica, CA 90405.

2.      According to its Complaint (D.I. 1 at ¶ 4), Dolby Video Compression LLC is a limited liability company organized under the laws of the State of Delaware.

30

3.      According to its Complaint (D.I. 1 at ¶ 16) and its corporate disclosure statement filed in this action (D.I. 4), Dolby Video Compression LLC is a wholly owned subsidiary of Dolby Laboratories, Inc.

4.      Upon information and belief, Dolby Laboratories, Inc. is a corporation organized under the laws of the State of Delaware and has a principal place of business at 1275 Market Street, San Francisco, CA 94103. Upon information and belief, Dolby Laboratories, Inc. has designated Corporation Services Company, 251 Little Falls Drive, Wilmington, DE 19808, as its registered agent.

5.      According to Dolby's Complaint (D.I. 1 at ¶ 17), Access Advance is a limited liability company organized under the laws of the State of Delaware and has a principal place of business at 100 Cambridge Street, Suite 21400, Boston, MA 02114. Upon information and belief, Access Advance has designated Corporation Services Company, 251 Little Falls Drive, Wilmington, DE 19808, as its registered agent.

6.      Upon information and belief, Access Advance is owned in part by Dolby Laboratories, Inc.

**JURISDICTION AND VENUE**

7.      These are counterclaims for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 concerning patent non-infringement, patent invalidity, and breach of reasonable and nondiscriminatory ("RAND")[3] obligations.

8.      This Court has subject matter jurisdiction over Snap's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Snap's additional counterclaims pursuant to 28 U.S.C. § 1367, because those claims arise out of facts that are directly

---

[3] Snap uses the term "RAND" throughout its Counterclaims interchangeably with the term "FRAND" for Fair, Reasonable, and Nondiscriminatory.

related to Snap's claims such that they form part of the same case or controversy within this Court's original jurisdiction.

9. This Court has personal jurisdiction over Dolby Video Compression LLC because it is a limited liability company organized under the laws of Delaware and has submitted to the jurisdiction of this Court by bringing the present action through the filing of its Complaint.

10. This Court has personal jurisdiction over Dolby Laboratories, Inc. because it is a corporation organized under the laws of Delaware and, on information and belief, controlled, coordinated, and contributed to Dolby Video Compression LLC's actions in bringing the present action through the filing of Dolby Video Compression LLC's Complaint.

11. This Court has personal jurisdiction over Access Advance because Access Advance is a limited liability company organized under the laws of Delaware and acted as Dolby's agent in connection with the enforcement campaign giving rise to these counterclaims, including the patent-enforcement action pending in this Court.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

13. Dolby Video Compression LLC has consented to venue in this Court because it is a limited liability company organized under the laws of Delaware and because it has filed its claims for patent infringement in this Court, in response to which these Counterclaims are asserted.

14. Venue is proper in this District as to Dolby Laboratories, Inc. under 28 U.S.C. § 1391 because Dolby Laboratories, Inc. resides in the State of Delaware.

15. Venue is proper in this District as to Access Advance under 28 U.S.C. § 1391 because Access Advance resides in the State of Delaware.

32

## FACTUAL BACKGROUND

16.     Access Advance is a licensing administrator company established in 2015 that offers licenses in relation to three patent pools of alleged standard-essential patents for standards-based video codec technologies.

17.     Access Advance contends that its licensing approach is market-driven, modern, efficient, and transparent, and that its licensing offers are at RAND rates.

18.     Access Advance historically offered, and continues to offer, licenses to the HEVC Advance Patent Pool for patents allegedly essential to the HEVC/H.265 standard. Under its HEVC Advance Patent Pool, Access Advance licenses HEVC Decoders and HEVC Encoders in consumer HEVC products, including mobile phones, TVs, video game consoles, and desktop PCs.

19.     On March 26, 2015, Access Advance (then known as HEVC Advance) launched the HEVC Advance Patent Pool and announced Dolby as among the list of expected licensors.[4]

20.     On March 13, 2018, Access Advance (then known as HEVC Advance) announced that it "will no longer license nor seek royalty fees for *non-physical HEVC content distribution* including Internet streaming," and that it was doing so explicitly "in an effort to further accelerate HEVC adoption and support streaming . . . distributors to bring the best video experience to consumers."[5] As of the time of this announcement and at all times thereafter, Dolby was a licensor for the HEVC Advance Patent Pool.

21.     Three weeks later, on April 3, 2018, Access Advance (then known as HEVC Advance) announced that twelve new entities had joined as licensors and licensees, and stated that this "follows on the positive market reaction to HEVC Advance's recent decision to no longer

---

[4] https://accessadvance.com/2015/03/26/hevc-advance-launches-to-rally-critical-mass-of-stakeholders-to-deliver-next-generation-video-experiences/
[5] https://accessadvance.com/2018/03/13/hevc-advance-eliminates-content-distribution-royalty-fees-and-reduces-certain-royalty-rates-and-caps/

license or seek royalty fees for *non-physical HEVC content distribution* including Internet streaming, cable, over-the-air broadcast, and satellite."[6]

22.     As of today, Access Advance claims to have more than 400 licensees of its HEVC Advance Patent Pool, including Snap, which is a current licensee.

23.     Following Access Advance's announcement to "no longer license nor seek royalty fees for *non-physical HEVC content distribution* including Internet streaming" in order to "accelerate HEVC adoption," the adoption rate of consumer products supporting HEVC increased from the time of Access Advance's announcement to today.

24.     On January 16, 2025, Access Advance changed course and announced the introduction of its Video Distribution Patent ("VDP") Pool through which Access Advance now seeks to license and seek royalty fees for non-physical HEVC content distribution including Internet streaming.

25.     The VDP Pool is not limited to patents that are allegedly essential to the HEVC (H.265) video coding standard but instead bundles patents that are allegedly essential to each of the HEVC (H.265), AV1, VVC (H.266), and VP9 video coding standards.

26.     Dolby is a principal architect and driving force behind Access Advance's licensing and enforcement programs. As a major holder of allegedly-standard-essential patents, Dolby is a licensor in multiple Access Advance-administered pools, including the HEVC Advance Patent Pool and the VDP Pool, and has designated Access Advance to administer licensing on its behalf. Through these arrangements, Dolby retains ownership of its patents and the economic and strategic interests in their monetization, while Access Advance serves as the centralized vehicle through

---

[6] https://accessadvance.com/2018/04/03/hevc-advance-highlights-momentum-with-newest-licensors-and-licensees/

34

which licensing terms are presented and enforcement positions are communicated to the market. Dolby's participation across multiple pools, combined with its aligned enforcement activity and coordination with Access Advance's licensing framework, as well as Dolby's ownership-in-part of Access Advance, reflects that Access Advance's programs advance and implement the strategic objectives of its most significant licensors, including Dolby.

27.     Dolby filed its Original Complaint in this action on March 23, 2026, alleging that Snap infringes the Asserted Patents through alleged use of the HEVC (H.265) and AV1 video coding standards.

28.     Standard-setting organizations ("SSOs") have developed policies requiring participants to disclose patents that may be essential to implementing proposed standards and to commit to licensing those patents on reasonable and nondiscriminatory ("RAND") terms. Courts have recognized that such policies create enforceable obligations that run with the patents to successors and assignees.

29.     The International Telecommunication Union ("ITU"), a specialized agency of the United Nations, develops telecommunications standards including the HEVC (H.265) video coding standard. The ITU maintains a Common Patent Policy and Guidelines that require participants to disclose patents potentially essential to implementing ITU standards and to provide licensing declarations committing to RAND terms. These declarations create binding commitments for the benefit of all implementers of the standard.

30.     Dolby's Complaint acknowledges that "Dolby has committed that it is prepared to grant licenses for implementations of the H.265 Standard to any patent claims essential to the H.265 Standard on reasonable and non-discriminatory (RAND) terms and conditions as set forth in the ITU Common Patent Policy." D.I. 1 at ¶ 43. Dolby further acknowledges that it and the

35

original patent owners, including Fraunhofer, "submitted Patent Statement and Licensing Declarations to the ITU." *Id*. These commitments are binding on Dolby with respect to any patents it asserts as essential to the HEVC standard.

31.    Dolby has failed to offer a license to the Asserted Patents to Snap on RAND terms and conditions. Indeed, Dolby itself has not offered any license to the Asserted Patents to Snap.

32.    The only offer made to Snap prior to the filing of the Complaint that would have included a license to the Asserted Patents for the conduct that Dolby accuses of infringement is a demand by Access Advance that Snap join the VDP Pool, which includes not only the Asserted Patents but additional patents owned by other licensors and that purportedly cover four different video coding standards, HEVC (H.265), AV1, VVC (H.266), and VP9. Access Advance's offer to join the VDP Pool is not an offer to license the Asserted Patents on RAND terms and conditions, including because the rates that Access Advance charges for the VDP Pool are supra-RAND— e.g., by requiring payments that far exceed a RAND license rate to the Asserted Patents.

33.    To the extent any Asserted Patent is found valid and essential to the HEVC standard, Dolby's conduct, directly and through its licensing agent Access Advance, violates its obligations under at least the ITU Common Patent Policy and Guidelines. Snap, as an implementer of the HEVC standard, is an intended third-party beneficiary of Dolby's RAND commitments and is entitled to enforce those commitments.

34.    Dolby's RAND obligation to license any patents essential to the HEVC standard on fair, reasonable, and non-discriminatory terms further prohibits Dolby, directly or through its licensing agent Access Advance, from discriminating against Snap in demanding that Snap pay additional royalties for patents allegedly covering video coding in the AV1 standard. For example, by virtue of its RAND obligation, Dolby is prohibited, directly or through its licensing agent

36

Access Advance, from conditioning a license to patents essential to the HEVC standard on Snap paying additional royalties for patents allegedly essential to the AV1 standard. Dolby is further prohibited, directly or through its licensing agent Access Advance, from refusing to license patents allegedly essential to the AV1 standard to Snap on RAND terms and conditions to the extent that Dolby and/or Access Advance have included licenses to such patents on RAND terms and conditions as part of any licenses to third parties for patents essential to the HEVC standard.

35. The RAND obligations that bind Dolby and require it to offer licenses to any patents essential to the HEVC and/or AV1 standards on RAND terms and conditions apply equally to Access Advance by virtue of its role as the licensing agent for Dolby, as the administrator of a patent pool that includes the Asserted Patents, and as an affiliate that is part-owned by Dolby. For any Asserted Patent encumbered by a RAND obligation, Access Advance is legally obligated to license any such patent on RAND terms and conditions. Despite this obligation, Access Advance has failed to offer a license to the Asserted Patents to Snap on RAND terms and conditions.

**COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT
OF U.S. PATENT NO. 10,855,990
(Against Dolby)**

36. Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

37. Snap denies infringement, including any allegation of willful infringement, of any valid, enforceable, properly construed claim of the '990 Patent and alleges that Snap has not, and does not, infringe (either literally or under the doctrine of equivalents), directly or indirectly, any valid, enforceable, properly construed claim of the '990 Patent.

38.     Snap's Accused Services do not practice any claim of the '990 Patent. Snap does not make, use, sell, offer to sell, or import any product or service that falls within the scope of any claim of the '990 Patent, either literally or under the doctrine of equivalents.

39.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the alleged infringement of the '990 Patent.

40.     Snap seeks a judicial declaration that its Accused Services do not infringe any valid and/or enforceable claim of the '990 Patent.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 10,855,990**
**(Against Dolby)**

41.     Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

42.     Snap seeks a declaratory judgment that the claims of the '990 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112.

43.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the invalidity of the '990 Patent.

44.     The claims of the '990 Patent are invalid at least because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101, including abstract ideas implemented on generic computer components without an inventive concept.

45.    The claims of the '990 Patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 because they are anticipated by and/or obvious in view of prior art references that predate the alleged invention(s).

46.    The claims of the '990 Patent are invalid at least under 35 U.S.C. § 112 because they fail to satisfy the requirements of written description, enablement, and definiteness.

47.    Snap has been and continues to be threatened with enforcement of the '990 Patent, and Dolby's allegations will continue to harm Snap unless the Court declares the '990 Patent invalid.

48.    Snap seeks a judicial declaration that all asserted claims of the '990 Patent are invalid and unenforceable.

**COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT
OF U.S. PATENT NO. 9,924,193**
**(Against Dolby)**

49.    Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

50.    Snap denies infringement, including any allegation of willful infringement, of any valid, enforceable, properly construed claim of the '193 Patent and alleges that Snap has not, and does not, infringe (either literally or under the doctrine of equivalents), directly or indirectly, any valid, enforceable, properly construed claim of the '193 Patent.

51.    Snap's Accused Services do not practice any claim of the '193 Patent. Snap does not make, use, sell, offer to sell, or import any product or service that falls within the scope of any claim of the '193 Patent, either literally or under the doctrine of equivalents.

52.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the alleged infringement of the '193 Patent.

53.     Snap seeks a judicial declaration that its Accused Services do not infringe any valid and/or enforceable claim of the '193 Patent.

## COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,924,193
### (Against Dolby)

54.     Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

55.     Snap seeks a declaratory judgment that the claims of the '193 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112.

56.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the invalidity of the '193 Patent.

57.     The claims of the '193 Patent are invalid at least because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101, including abstract ideas implemented on generic computer components without an inventive concept.

58.     The claims of the '193 Patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 because they are anticipated by and/or obvious in view of prior art references that predate the alleged invention(s).

59.     The claims of the '193 Patent are invalid at least under 35 U.S.C. § 112 because they fail to satisfy the requirements of written description, enablement, and definiteness.

40

60.     Snap has been and continues to be threatened with enforcement of the '193 Patent, and Dolby's allegations will continue to harm Snap unless the Court declares the '193 Patent invalid.

61.     Snap seeks a judicial declaration that all asserted claims of the '193 Patent are invalid and unenforceable.

### COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,596,469
### (Against Dolby)

62.     Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

63.     Snap denies infringement, including any allegation of willful infringement, of any valid, enforceable, properly construed claim of the '469 Patent and alleges that Snap has not, and does not, infringe (either literally or under the doctrine of equivalents), directly or indirectly, any valid, enforceable, properly construed claim of the '469 Patent.

64.     Snap's Accused Services do not practice any claim of the '469 Patent. Snap does not make, use, sell, offer to sell, or import any product or service that falls within the scope of any claim of the '469 Patent, either literally or under the doctrine of equivalents.

65.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the alleged infringement of the '469 Patent.

66.     Snap seeks a judicial declaration that its Accused Services do not infringe any valid and/or enforceable claim of the '469 Patent.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 9,596,469
### (Against Dolby)

67.     Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

68.     Snap seeks a declaratory judgment that the claims of the '469 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112.

69.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the invalidity of the '469 Patent.

70.     The claims of the '469 Patent are invalid at least because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101, including abstract ideas implemented on generic computer components without an inventive concept.

71.     The claims of the '469 Patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 because they are anticipated by and/or obvious in view of prior art references that predate the alleged invention(s).

72.     The claims of the '469 Patent are invalid at least under 35 U.S.C. § 112 because they fail to satisfy the requirements of written description, enablement, and definiteness.

73.     Snap has been and continues to be threatened with enforcement of the '469 Patent, and Dolby's allegations will continue to harm Snap unless the Court declares the '469 Patent invalid.

74.     Snap seeks a judicial declaration that all asserted claims of the '469 Patent are invalid and unenforceable.

42

## COUNT VII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 10,404,272
### (Against Dolby)

75.     Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

76.     Snap denies infringement, including any allegation of willful infringement, of any valid, enforceable, properly construed claim of the '272 Patent and alleges that Snap has not, and does not, infringe (either literally or under the doctrine of equivalents), directly or indirectly, any valid, enforceable, properly construed claim of the '272 Patent.

77.     Snap's Accused Services do not practice any claim of the '272 Patent. Snap does not make, use, sell, offer to sell, or import any product or service that falls within the scope of any claim of the '272 Patent, either literally or under the doctrine of equivalents.

78.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the alleged infringement of the '272 Patent.

79.     Snap seeks a judicial declaration that its Accused Services do not infringe any valid and/or enforceable claim of the '272 Patent.

## COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 10,404,272
### (Against Dolby)

80.     Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

81.     Snap seeks a declaratory judgment that the claims of the '272 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112.

43

82.     As evidenced by the allegations in the Complaint, there is now an actual, substantial, and continuing justiciable controversy between Plaintiff and Snap with respect to the invalidity of the '272 Patent.

83.     The claims of the '272 Patent are invalid at least because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101, including abstract ideas implemented on generic computer components without an inventive concept.

84.     The claims of the '272 Patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 because they are anticipated by and/or obvious in view of prior art references that predate the alleged invention(s).

85.     The claims of the '272 Patent are invalid at least under 35 U.S.C. § 112 because they fail to satisfy the requirements of written description, enablement, and definiteness.

86.     Snap has been and continues to be threatened with enforcement of the '272 Patent, and Dolby's allegations will continue to harm Snap unless the Court declares the '272 Patent invalid.

87.     Snap seeks a judicial declaration that all asserted claims of the '272 Patent are invalid and unenforceable.

## COUNT IX: DECLARATORY JUDGMENT OF BREACH OF RAND OBLIGATIONS
### (Against Dolby and Access Advance)

88.     Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

89.     Dolby and/or its predecessors-in-interest entered into express or implied contractual commitments to the ITU relating to the licensing of patents essential to the HEVC standard on RAND terms. These commitments are valid, enforceable, and binding upon Dolby. Snap is an intended third-party beneficiary of these RAND commitments.

44

90.    Dolby has breached its RAND commitments by failing to offer Snap a license to its alleged HEVC standard-essential patents on fair, reasonable and nondiscriminatory terms and conditions.

91.    Dolby has further breached its RAND commitments by failing to offer Snap a license to its patents allegedly covering video coding in the AV1 standard on RAND terms and conditions. Dolby's obligation to license patents that are essential to implementing the HEVC standard on non-discriminatory terms prohibits Dolby from discriminating against Snap by demanding, as a condition to any license to patents essential to the HEVC standard, supra-RAND royalties for patents allegedly necessary for video coding in the AV1 standard.

92.    Through its licensing agent, Access Advance, Dolby has attempted to coerce Snap into accepting licensing terms that do not comply with Dolby's RAND obligations, including because the royalties demanded exceed a RAND royalty rate for any Asserted Patents that are allegedly essential to implementing the HEVC standard and because the offered license ties such patents to additional patents that cover video coding standards beyond HEVC, including AV1, VVC, and VP9. Further, Dolby itself has not made any licensing offer to Snap for the Asserted Patents apart from Access Advance's non-RAND licensing demand.

93.    At all relevant times, Access Advance acted as Dolby's licensing agent and sub-licensor with respect to patents allegedly essential to the HEVC and/or AV1 standards, including by implementing Dolby's licensing programs, communicating licensing positions to implementers, issuing licensing demands, and seeking royalties on Dolby's behalf.

94.    Access Advance directly participated in and facilitated Dolby's breach of its RAND commitments by transmitting licensing demands, proposing licensing terms, and implementing

licensing programs that demand supra-RAND royalties, attempt to impose unfair and unreasonable terms and conditions, and discriminate against Snap, including through the VDP Pool.

95.    Declaratory relief concerning Dolby's RAND obligations must run against both Dolby and Access Advance to prevent Dolby from enforcing or circumventing its RAND commitments through its licensing agent. Access Advance implemented, enforced, and sought to benefit from Dolby's RAND-encumbered licensing obligations as Dolby's authorized licensing agent, and declaratory relief must therefore run against Access Advance to prevent circumvention of this Court's judgment.

96.    Snap is entitled to a judicial determination and declaration that Dolby, directly and through its licensing agent Access Advance, has not offered Snap a license to Dolby's alleged HEVC standard-essential patents on RAND terms and conditions, and that Dolby, directly and through its licensing agent Access Advance, has breached its RAND commitments to the ITU.

97.    Snap is entitled to a judicial determination and declaration that Dolby, directly and through its licensing agent Access Advance, has not offered Snap a license to Dolby's patents allegedly covering video coding in the AV1 standard on RAND terms and conditions, and that Dolby, directly and through its licensing agent Access Advance, has breached its RAND commitments to the ITU.

98.    Snap seeks a judgment jointly against Dolby and Access Advance declaring that all claims of the Asserted Patents are unenforceable based upon Dolby's breach, directly and through its licensing agent Access Advance, of its RAND commitments.

## COUNT X: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### (Against Dolby and Access Advance)

99.    Snap restates, re-alleges, and incorporates by reference each and every allegation set forth in the paragraphs above as though fully set forth herein.

100.    Through its statements, conduct, and relationship with the ITU, Dolby has express or implied contractual commitments to abide by the ITU's Patent Policy and Guidelines, and to offer licenses on RAND terms to any patents essential to implement the HEVC standard. Dolby's RAND obligation includes a prohibition against demanding supra-RAND rates for patents allegedly essential to implement the AV1 standard as a condition for licensing patents allegedly essential to implement to the HEVC standard, which is unfair, unreasonable, and discriminatory.

101.    Every party producing products or delivering services that support the HEVC standard, including Snap, is an intended third-party beneficiary of Dolby's contractual commitments to the ITU.

102.    At all relevant times, Access Advance acted as Dolby's authorized licensing agent in connection with negotiations, licensing demands, and enforcement conduct relating to patents allegedly essential to the HEVC standard, including communications with Snap regarding licensing terms and enforcement risk.

103.    Access Advance participated directly in Dolby's failure to negotiate in good faith by advancing licensing demands, proposing non-RAND terms, and facilitating enforcement actions without first offering Snap a license on RAND terms consistent with Dolby's obligations.

104.    Because Access Advance controlled and executed material aspects of the licensing process on Dolby's behalf, declaratory relief concerning the breach of the duty of good faith and fair dealing must apply jointly to both Dolby and Access Advance.

105.    Dolby, directly and through its licensing agent Access Advance, breached its obligation to negotiate in good faith and with fair dealing by refusing to offer Snap a license on RAND terms before filing this litigation, and by pursuing injunctive relief and substantial damages rather than engaging in good-faith licensing negotiations consistent with its RAND obligations.

47

106.    As a result of Dolby's breach, directly and through its licensing agent Access Advance, of its duty to negotiate in good faith and fair dealing, Snap has been injured in its business and property. Dolby's refusal, directly and through its licensing agent Access Advance, to offer a license to Snap on RAND terms before filing this action has caused Snap to incur unnecessary costs and unwarranted harm in defending this litigation.

107.    Snap is entitled to a declaratory judgment that Dolby and Access Advance have not complied with their obligations to negotiate in good faith and fair dealing toward a RAND license.

## EXCEPTIONAL CASE

108.    On information and belief, this is an exceptional case entitling Snap to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Dolby's assertion of the Asserted Patents against Snap with the knowledge that Snap does not infringe any valid or enforceable claim of the Asserted Patents and/or that the Asserted Patents are invalid and/or unenforceable.

## PRAYER FOR RELIEF

Snap hereby requests that the Court deny Plaintiff all relief it seeks, and award Snap the following relief:

A.    Entry of judgment in Snap's favor and against Dolby on each and every cause of action in Dolby's Complaint;

B.    Entry of judgment that the Asserted Patents, and each and every asserted claim thereof, are not infringed by Snap, either directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise;

C.    Entry of judgment that the Asserted Patents, and each and every asserted claim thereof, are invalid and/or unenforceable;

48

D.     Entry of judgment declaring that Dolby, directly and through its licensing agent Access Advance, has breached its RAND commitments to the ITU and has not offered Snap a license on fair, reasonable, and nondiscriminatory terms;

E.     Entry of judgment that Dolby, directly and through its licensing agent Access Advance, has breached its duty of good faith and fair dealing to negotiate a RAND license with Snap prior to filing this lawsuit;

F.     Entry of judgment declaring that the Asserted Patents are RAND-encumbered and that Dolby, directly and through its licensing agent Access Advance, is obligated to offer Snap a license on RAND terms;

G.     Entry of judgment that Dolby's patent rights in the Asserted Patents have been exhausted and/or that Snap's Accused Services are licensed under Dolby's and/or Access Advance's agreements with third parties;

H.     Entry of an order that Snap is the "prevailing party" and that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and an award granting Snap its reasonable attorneys' fees and costs, as permitted by law or equity;

I.     An award of prejudgment interest to Snap at the legal rate through the date of judgment; and

J.     For any and all other legal and equitable relief, including injunctive relief and restitution, as may be available under law and that the Court may deem proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Snap demands a trial by jury on all issues so triable.

OF COUNSEL:

Kathi Vidal
Alexander P. Ott
Joseph C. Masullo
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
(202) 282-5000

Eimeric Reig-Plessis
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111-5891
(415) 591-1000

Carson Swoop
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
(650) 858-6500


May 18, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Jennifer Ying*
Karen Jacobs (#2881)
Jennifer Ying (#5550)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
jying@morrisnichols.com
esteingraber@morrisnichols.com

*Attorneys for Defendant and Counterclaim-Plaintiff Snap Inc.*

50

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 18, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LAW, LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff and Counterclaim-*<br>*Defendant Dolby Video Compression LLC* | *VIA ELECTRONIC MAIL* |
| Kevin Schubert, Esquire<br>Robert Burns, Esquire<br>MCKOOL SMITH P.C.<br>1301 6th Ave, 32nd Floor<br>New York, NY 10019<br>*Attorneys for Plaintiff and Counterclaim-*<br>*Defendant Dolby Video Compression LLC* | *VIA ELECTRONIC MAIL* |
| Warren Lipschitz, Esquire<br>Greg Saltz, Esquire<br>MCKOOL SMITH P.C.<br>300 Crescent Court<br>Dallas, TX 75201<br>*Attorneys for Plaintiff and Counterclaim-*<br>*Defendant Dolby Video Compression LLC* | *VIA ELECTRONIC MAIL* |
| Mitch Verboncoeur, Esquire<br>MCKOOL SMITH P.C.<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>*Attorneys for Plaintiff and Counterclaim-*<br>*Defendant Dolby Video Compression LLC* | *VIA ELECTRONIC MAIL* |
| | *VIA ELECTRONIC MAIL* |

51

Christopher McNett, Esquire                          *VIA ELECTRONIC MAIL*
MᴄKᴏᴏʟ Sᴍɪᴛʜ P.C.
1717 K Street, NW, Suite 1000
Washington, DC 20006
*Attorneys for Plaintiff and Counterclaim-*
*Defendant Dolby Video Compression LLC*


                                        /s/ Jennifer Ying
                                        Jennifer Ying (#5550)