**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| DOLBY VIDEO COMPRESSION, LLC, and DOLBY INTERNATIONAL AB,<br><br>Plaintiffs,<br><br>vs.<br><br>SNAP INC.,<br><br>Defendant, | Civil Action No. 26-317 (JLH) |
| SNAP INC.,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>DOLBY VIDEO COMPRESSION, LLC, DOLBY LABORATORIES, INC., DOLBY INTERNATIONAL AB, AND ACCESS ADVANCE LLC,<br><br>Counterclaim-Defendants, | |

**DOLBY VIDEO COMPRESSION, LLC,**
**DOLBY LABORATORIES, INC., AND DOLBY INTERNATIONAL AB'S**
**REPLY IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT SNAP INC.'S COUNTERCLAIMS**

Dated: October 9, 2026

Of Counsel:

**McKOOL SMITH P.C.**

Kevin Schubert
kschubert@mckoolsmith.com
Robert Burns
rburns@mckoolsmith.com
McKool Smith P.C.
1301 6th Ave, 32nd Floor
New York, NY 10019

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
**FARNAN LLP**
919 North Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

***Attorneys for Plaintiff***

Warren Lipschitz
wlipschitz@mckoolsmith.com
Greg Saltz
gsaltz@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court
Dallas, TX 75201

Mitch Verboncoeur
mverboncoeur@mckoolsmith.com
McKool Smith P.C.
303 Colorado Street, Suite 2100
Austin, TX 78701

Christopher McNett
cmcnett@mckoolsmith.com
Kyra Mouser
kmouser@mckoolsmith.com
McKool Smith P.C.
1717 K Street, NW, Suite 1000
Washington, DC 20006

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................. 2

A. Snap's Express Waiver Counterclaim is Improper and Insufficient....................... 2

B. This Court Should Dismiss or Strike Snap's RAND Allegations for AV1 ............ 7

C. This Court Should Dismiss Snap's Good Faith and Fair Dealing Claim ............... 9

III. CONCLUSION......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Interfaith Hous. Del., Inc. v. Town of Georgetown*,
841 F. Supp. 1393 (D. Del. 1994) .......... 5

*Labreck v. Bank of Am., N.A.*,
2018 WL 6427717 (D. Del. Dec. 7, 2018) .......... 8

*Lawlor v. ESPN Scouts, LLC*,
2011 WL 675215 (D.N.J. Feb. 16, 2011) .......... 9

*Markert v. PNC Financial Services Group, Inc.*,
828 F. Supp. 2d 765 (E.D. Pa. 2011) .......... 3

*Microsoft Corp. v. Motorola, Inc.*,
2011 WL 11480223 (W.D. Wash. June 1, 2011) .......... 4

*Riverside Mem'l Mausoleum, Inc. v. UMET Tr.*,
581 F.2d 62 (3d Cir. 1978) .......... 2

*Schilling v. Rogers*,
363 U.S. 666 (1960) .......... 9

*Tiernan v. Devoe*,
923 F.2d 1024 (3d Cir. 1991) .......... 7

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
563 F.3d 1271 (Fed. Cir. 2009) .......... 6

*USX Corp. v. Prime Leasing Inc.*,
988 F.2d 433 (3d Cir. 1993) .......... 9, 10

*Valli v. Avis Budget Grp. Inc*,
162 F.4th 396 (3d Cir. 2025) .......... 7

*In re Volkswagen Grp. of Am., Inc.*,
28 F.4th 1203 (Fed. Cir. 2022) .......... 5

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988) .......... 3, 10

## Other Authorities

Rule 12 .......... 3

## I. INTRODUCTION

Snap's Response misconstrues governing law and contradicts Snap's own pleadings in an attempt to cure the fatal defects in Snap's counterclaims. Snap cannot, and Dolby's motion to dismiss should be granted. First, this Court should dismiss Snap's express waiver claim (Count XXI) as an improperly pleaded and legally insufficient counterclaim. Snap identifies no authority recognizing "express waiver" as an affirmative cause of action. Snap also does not plausibly allege that Access Advance, a patent pool administrator, could waive Dolby's right to assert its patents.

Second, this Court should dismiss Snap's breach of RAND (Count XIX) and good faith and fair dealing (Count XX) claims as to AV1 or otherwise strike Snap's counterclaims at paragraphs 224 and 225 where Snap alleges Dolby breached RAND commitments to the ITU by not offering a license "covering video coding in the AV1 [specification]" on RAND terms. D.I. 37 ("Countercls.") at ¶¶ 217, 224. Despite making this assertion in its counterclaims, Snap now backtracks, saying that this "is not Snap's theory for seeking relief, and alleges only that Dolby "breached its contractual commitments to license its allegedly standard-essential patents *for HEVC*." D.I. 45 ("Resp.") at 6 (emphasis original). As such, Dolby and Snap are in apparent agreement that there is no independent obligation to license AV1 that could support either Counts XIX or Count XX against Dolby. Thus, this Court should dismiss these counts as to AV1 or alternatively strike the allegations Snap has abandoned, specifically the first sentence of paragraph 217, paragraph 224 in its entirety, the last sentence of paragraph 58, and the first sentence of paragraph 59.

Third, Snap's good faith and fair dealing claim improperly duplicates Snap's breach of RAND claim and should be dismissed.

## II. ARGUMENT

### A. Snap's Express Waiver Counterclaim is Improper and Insufficient

Snap's counterclaim for declaratory judgment of unenforceability due to express waiver (Count XXI) fails at the threshold because Snap improperly recasts an affirmative defense as an independent cause of action. And even if express waiver could support a counterclaim, Snap does not plausibly allege that Access Advance had authority to waive Dolby's enforcement and bilateral licensing rights. Each defect independently requires dismissal.

#### 1. Snap's Express Waiver Counterclaim is a Mispleaded Affirmative Defense

Snap's waiver argument is improperly pleaded as a counterclaim.[1] A proper counterclaim would entitle Snap to "some amount of affirmative relief," whereas a defense merely "precludes or diminishes the plaintiff's recovery." *See Riverside Mem'l Mausoleum, Inc. v. UMET Tr.*, 581 F.2d 62, 68 (3d Cir. 1978). Because Snap's waiver counterclaim merely seeks to preclude Dolby's recovery, it should be dismissed.

To avoid the conclusion that its express waiver counterclaim is duplicative of its fifth defense, Snap asserts that its counterclaim goes beyond its defense to seek affirmative relief. Resp. at 9. Snap argues that its waiver counterclaim seeks to render "Dolby's HEVC and AVC standard-essential patents unenforceable" including "other [i.e., non-asserted] patents that Dolby licenses through the VDP." *See* Resp. at 9 (citing Countercls. at ¶¶ 243–44). But Snap's operative pleadings directly refute that contention.

In Snap's initial counterclaims, Snap sought a declaratory judgment that "all claims of all patents that are licensed through Access Advance" are unenforceable. D.I. 25 at ¶ 197. Dolby moved to dismiss Snap's counterclaims, arguing that this requested relief was overbroad and

[1] Snap has already pleaded express waiver as its Fifth Defense.

untenable. D.I. 31 at 11–13. Snap then amended its counterclaims to seek relief *only* for "all Asserted Patents." Countercls. ¶ 243 ("Snap is entitled to a declaratory judgment that all claims of *all Asserted Patents* that are licensed through Access Advance are unenforceable") (emphasis added); ¶ 244 ("Snap is further entitled to a declaratory judgment that all claims of the '173 Patent are unenforceable") (emphasis added); *see also* Prayer for Relief ¶ G (same).

Snap therefore does not seek in its operative pleading a declaration that "Dolby's HEVC and AVC standard-essential patents are unenforceable due to express waiver—including as to other patents that Dolby licenses through the VDP." Resp. at 9. Snap's present counterclaims say the opposite. Snap cannot revise its counterclaims via a response to Dolby's motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (citation omitted). Snap's attempt to broaden its counterclaim in response to Dolby's present motion is particularly egregious where Snap specifically narrowed the counterclaim in response to Dolby's initial motion that pointed out the broader form of Snap's express waiver counterclaim was legally nonviable. Rule 12 motions should not be a game of legal Whac-A-Mole. Snap has abandoned any broader form of its express waiver counterclaim. *See Markert v. PNC Financial Services Group, Inc.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) ("We find that offering an amended pleading, which omits the claims that the Defendant sought to dismiss, is akin to leaving issues raised in the Motion to Dismiss uncontested.") (internal quotation marks omitted). As pleaded, Snap's express waiver counterclaim does not seek relief broader than the relief sought in Snap's fifth defense and would merely preclude Dolby's recovery as to the Asserted Patents. Countercls. ¶ 243. This alone is a sufficient basis for dismissing Count XXI.

Snap's reliance on *Qualcomm v. Broadcom* does not save its counterclaim. Snap alleges

that *Qualcomm* supports pleading waiver as a counterclaim. According to Snap, the Federal Circuit "[saw] no reason" why an unenforceability judgment was not proper based on waiver, "even when 'raised . . . as an affirmative defense *rather than as a counterclaim or cross-claim*.'" Resp. at 9-10 (quoting *Qualcomm*, 548 F.3d at 1024-25) (emphasis in Response). But the quoted language does not state the Federal Circuit's holding. Rather, it recounts Qualcomm's argument to the district court. *Id.* at 1024 ("In reaching this conclusion, the district court rejected Qualcomm's argument that Broadcom may not have any remedies beyond itself, because it raised waiver as an affirmative defense rather than as a counterclaim or cross-claim."). The Federal Circuit held only that an affirmative defense (not a counterclaim) of waiver could support an unenforceability judgment. *Qualcomm Inc.*, 548 F.3d at 1024–25 (Fed. Cir. 2008). In short, *Qualcomm*—Snap's only purported support on this issue—is entirely silent on the issue of whether waiver may be properly pled as a counterclaim.

Ultimately, Snap cites no authority supporting waiver as a cause of action, which is unsurprising because courts after the *Qualcomm* case have held there is none. *See Microsoft Corp. v. Motorola, Inc.*, 2011 WL 11480223, at *4 (W.D. Wash. June 1, 2011) ("[T]he Court is unaware of[] any legal authority allowing waiver as a cause of action."). The Court should therefore dismiss Count XXI because it is an improperly pleaded affirmative defense.

### 2. Snap Fails to Plead Access Advance Had the Authority to Waive Dolby's Right to License its Patents Bilaterally

Independent of Count XXI's procedural deficiency, Snap's express waiver counterclaim should be dismissed for a separate reason: Snap has not alleged Access Advance had any authority over Dolby's bilateral licensing or to waive Dolby's rights to assert its patents. Access Advance is a pool administrator with non-exclusive sublicensing rights—it administers a licensing vehicle; it does not own Dolby's patents or possess the right to dispose of them.

Even assuming Snap properly pled an agency relationship,[2] Snap must also plausibly allege that Access Advance had the authority, as Dolby's alleged agent, to waive Dolby's right to bilaterally license or enforce its patents. "[J]ust because a party may be a principal's agent for a particular purpose does not mean that the party is the principal's agent for another." *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1209 (Fed. Cir. 2022). Rather, an agent can bind the principal only when acting within the scope of its authority. *Interfaith Hous. Del., Inc. v. Town of Georgetown*, 841 F. Supp. 1393, 1399 (D. Del. 1994).

Snap's pleading fails to plausibly allege that Access Advance's statement was made within the scope of Access Advance's authority, and therefore Snap fails to plead waiver by an alleged agent. Indeed, Snap's own allegations cabin Access Advance's conduct to the pool context. As Snap recognizes, Access Advance is "the administrator of a patent pool," Countercls. at ¶ 59, that "offers licenses in relation to three patent pools." *Id.* at ¶ 18. Snap alleges that Access Advance could define licensing activities on Dolby's behalf and commit to terms for "uses of the patents contributed to the pool," *id.* at ¶ 25; grant "releases" for patents "in the patent pools administered by Access Advance," *id.*; and administer licensing in those pools, *id.* at ¶ 36. Snap further alleges that Access Advance made the 2018 statement "in its capacity as licensing administrator on behalf of the HEVC Advance pool's licensors." *Id.* at ¶ 24.

Snap never alleges that Access Advance had any authority to act outside of the patent pool context. In fact, in response to Access Advance's motion to dismiss, Snap states that Access Advance's alleged express waiver "was squarely within the pool context." Resp. at 15. Snap fails

[2] Dolby disputes that Snap has adequately pleaded that Dolby has "control" over Access Advance to plausibly allege an agency relationship. Much like its counterclaims, Snap continues to reference allegations that have no bearing on the determinative "control" factor. Snap claims that Dolby "founded" Access Advance, that Dolby was an "original licensor," and that Dolby is a "part-owner." Resp. at 13. None of these allegations go to whether Dolby controls Access Advance.

to recognize the implications of this: If Access Advance's conduct and authority was limited to licensing through the pools, Access Advance could not have waived Dolby's rights outside of that context, including Dolby's rights to assert its patents or license them bilaterally.

Snap contends that "Access Advance exercises authority over whether patents can be enforced" and claims in support of that proposition that Access Advance can allegedly enter licenses as well as covenants and waivers "of both the right to sue for infringement and the right to collect royalties." Resp. at 11-12. This line of argument improperly conflates Access Advance's authority to grant a compensated, limited license in the pool context with apparent authority to waive, without consideration, Dolby's rights to assert its patents.

Snap points to *TransCore*, which states that "a patent license agreement is in essence nothing more than a promise by the licensor not to sue the licensee." *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009). Because, according to Snap, a waiver looks like a license in that a patent holder foregoes a right to sue for infringement, Snap contends that the authority of a non-exclusive sublicensee to enter a license on behalf of a principal should extend to wholesale authority to waive the principal's right to enforce its patents. *See* Resp. at 11-12. But Snap misses a key distinction: Just because Access Advance had authority to enter licenses and allegedly other arrangements in the pool context does not mean Access Advance had authority to waive Dolby's ability to enforce its patents. *See id.* at 12. Patent license and waiver are distinct legal concepts. A patent license is a contract entered into between two parties for the exchange of consideration. By contrast, a waiver is the "intentional relinquishment or abandonment of a known right." *Valli v. Avis Budget Grp. Inc*, 162 F.4th 396, 405 (3d Cir. 2025) (citation omitted). The rights at issue are Dolby's rights to enforce its patents and engage in bilateral licensing, which are necessarily outside of the pool context. Snap does not and cannot

allege that Access Advance has any authority, apparent or actual, to enforce Dolby's patents or license them bilaterally. Snap fails to explain how Access Advance could have any apparent authority to waive a right that only Dolby can exercise. *See Tiernan v. Devoe*, 923 F.2d 1024, 1034 (3d Cir. 1991) (apparent authority "arises from a principal's manifestations to a third party that an agent has authority to act on the principal's behalf.") (citation omitted). Snap's theory is particularly implausible given Snap's own allegation that Access Advance's conduct occurred "within the pool context." Resp. at 15. Authority to administer a pool and grant pool licenses does not plausibly imply authority to waive Dolby's separate enforcement and bilateral licensing rights. Snap has failed to plausibly allege (and it cannot allege) that Dolby granted Access Advance the authority to waive its right to enforce its patents; Snap's waiver counterclaim should be dismissed.

Finally, Snap makes much of Dolby's alleged "silence" and purported "conduct" that can lead to an "inference of waiver." Resp. at 15–16. But Snap's Count XXI is for "express waiver," and "express waiver" occurs when "a party outright declares that it will forgo" its right and "leaves no doubt as to its intent." *Valli v. Avis Budget Grp. Inc*, 162 F.4th 396, 405 (3d Cir. 2025). Snap does not plead Dolby made any such declaration. Nor can Snap substitute allegations of silence, acquiescence, or inferred conduct for the clear and unequivocal manifestation of intent required to plead express waiver.

### B. This Court Should Dismiss or Strike Snap's RAND Allegations for AV1

Dolby moves to dismiss Snap's breach of RAND (Count XIX) and breach of good faith and fair dealing (Count XX) as they relate to AV1. With both counts, Snap seeks a declaration that Dolby breached RAND commitments to the ITU by not offering a license "covering video coding in the AV1 [specification]" on RAND terms. Countercls. at ¶¶ 224-25. Dolby's motion pointed out that it has no contractual commitment to license video coding according to the AV1 specification on RAND terms. D.I. 40 at 7. In its Response, Snap accuses Dolby of attacking a

"strawman," disclaiming that it articulated any theory that Dolby has commitments relating to AV1. Instead, Snap alleges that its theory is that Dolby allegedly breached RAND as to HEVC by only offering Snap a license to HEVC in combination with AV1. Resp. at 2.

Snap cannot rewrite its counterclaims via a response to a motion to dismiss. Dolby's motion addresses Snap's counterclaims as written. *Labreck v. Bank of Am., N.A.*, 2018 WL 6427717, at *4 (D. Del. Dec. 7, 2018) ("While Plaintiff may have decided to change his theory of the case after reviewing Defendants' motion to dismiss, he may not amend his complaint through his opposition to the motion to dismiss."). Snap's counterclaims expressly allege that "Dolby further breached its RAND commitments by failing to offer Snap a license to its patents allegedly covering video coding in the AV1 standard on RAND terms" and seek a declaration to that effect. Countercls. ¶¶ 217, 224. Yet Snap's response disclaims this allegation. Snap states that "Snap's counterclaims are not premised on Dolby having contractual RAND obligations that encumber the alleged AV1-related patents" and states instead that Dolby allegedly "breached its contractual commitments to license its allegedly standard-essential patents *for HEVC*." Resp. at 6 (emphasis original). Therefore, in Dolby's view, this Court has two options: (1) dismiss Snap's counterclaims as to AV1 or, alternatively, (2) strike the allegations in Snap's counterclaims that Snap has abandoned. Those allegations are contained in the first sentence of paragraph 217, paragraph 224 in its entirety, the last sentence of paragraph 58, and the first sentence of paragraph 59. If this Court does not dismiss Counts XIX and XX as to AV1, striking these portions of Snap's counterclaims is appropriate to prevent later confusion of the issues now that Snap has abandoned its allegations. *Cf. Lawlor v. ESPN Scouts, LLC*, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant.") (citing *Conroy v. Leone*, 316 Fed. Appx.

140, 144 n. 5 (3d Cir. 2009).

Snap's Counts XIX and XX fail to allege any contractual obligations on Dolby's part as to AV1. Indeed, Snap's opposition does not defend these counts as written. The availability of declaratory relief "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Snap's judicially remediable right here is its right to enjoy the benefits of Dolby's ITU RAND commitments, which apply to the AVC and HEVC standards, as an alleged third-party beneficiary of such commitments.[3] Where such commitments do not apply, there is no right to remediate, and therefore no declaratory relief available. As Snap recognizes, Dolby's RAND commitments do not apply to AV1, meaning the Court has no ability to remediate alleged non-RAND licensing terms for AV1. Thus, Snap's requested declaration is not available. As Snap disclaims its Counts XIX and XX as written, this Court should dismiss these counts as to AV1 or strike the allegations Snap has abandoned.

### C. This Court Should Dismiss Snap's Good Faith and Fair Dealing Claim

This Court should dismiss Snap's Count XX (Breach of Duty of Good Faith and Fair Dealing) claim as improperly duplicative of Count XIX (Breach of RAND Obligations). An implied covenant is "necessarily mutually exclusive" with an express contractual obligation, and a party "cannot assert a claim for breach of implied covenants that is based on exactly the same acts which are said to be in breach of express covenants." *USX Corp. v. Prime Leasing Inc.*, 988 F.2d 433, 438-39 (3d Cir. 1993). Snap predicates Count XX on the same alleged conduct underlying Count XIX. Therefore, Count XX must be dismissed.

In its Response, Snap contends Counts XIX and XX are not based on the same conduct, because allegedly breach of RAND implicates only offers, and breach of duty of good faith and

[3] To the extent Snap alleges there is any other basis for its requested relief beyond breach of the ITU RAND commitment, it has failed to properly plead and argue such basis and thus waives it.

fair dealing applies to negotiating behavior. *See* Resp. at 19. But this contradicts Snap's counterclaims. Snap's counterclaims base its breach of RAND claim (Count XIX) on negotiating behavior. For example, for Count XIX, Snap alleges that it "has been required to expend substantial resources" including "***participating in licensing negotiations conducted on non-RAND terms***." Countercls. ¶ 226 (emphasis added). Again, Snap cannot rewrite its counterclaims via a brief in opposition to a motion to dismiss. *See Com. of Pa. ex rel. Zimmerman*, 836 F.2d at 181. As pleaded, Count XX rests on the same acts as Count XIX and should be dismissed as duplicative. *USX*, 988 F.2d at 439.

Snap's new spin on Counts XIX and XX also contradicts the express language of the contract on which those counts are based. Snap's counterclaims rely on Dolby's commitments "as set forth in the ITU Common Patent Policy." Countercls. ¶ 52 (citing and quoting D.I. 21 at ¶ 44). The ITU Common Patent Policy states in relevant part that the "patent holder is ***willing to negotiate licenses with other parties on a non-discriminatory basis on reasonable terms and conditions***." D.I. 21-10. "Negotiat[ing] licenses with other parties" is clearly part of an express contractual obligation, and, under Third Circuit law, an implied covenant is "necessarily mutually exclusive" with an express contractual obligation. *USX*, 988 F.2d at 438. Snap's attempted reframing of its Counts XIX and XX to render them non-duplicative contradicts those counts as pleaded and ignores Third Circuit precedent that an obligation cannot be both express and implied.

## III. CONCLUSION

For the above reasons, this Court should dismiss Snap's Count XXI, dismiss Counts XIX and XX as to AV1 or alternatively strike the allegations Snap has abandoned, and dismiss Count XX as improperly duplicative of Count XIX.

Dated: October 9, 2026.

Respectfully submitted,

**FARNAN LLP**

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

***Attorneys for Plaintiff***

Of Counsel:

**McKOOL SMITH P.C.**

Kevin Schubert
kschubert@mckoolsmith.com
Robert Burns
rburns@mckoolsmith.com
McKool Smith P.C.
1301 6th Ave, 32nd Floor
New York, NY 10019

Warren Lipschitz
wlipschitz@mckoolsmith.com
Greg Saltz
gsaltz@mckoolsmith.com
McKool Smith P.C.
300 Crescent Court
Dallas, TX 75201

Mitch Verboncoeur
mverboncoeur@mckoolsmith.com
McKool Smith P.C.
303 Colorado Street, Suite 2100
Austin, TX 78701

Christopher McNett
cmcnett@mckoolsmith.com
Kyra Mouser
kmouser@mckoolsmith.com
McKool Smith P.C.
1717 K Street, NW, Suite 1000
Washington, DC 20006